# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-00307-FDW

| KEVIN COX, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. JENKINS | ) | |
| CHRISTIAN CRAWFORD | ) | |
| K. TURNER | ) | |
| HUBERT CORPENING | ) | |
| FNU KALINOWSKI | ) | |
| FNU WASHBURN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Motion for Reconsideration." (Doc. No. 12).

Pro se Plaintiff Kevin Cox, a state court inmate incarcerated at the Marion Correctional Institution in Marion, North Carolina, filed this action on September 12, 2016, pursuant to 42 U.S.C. § 1983. (Doc. No. 1). In the operative amended complaint, he alleges that numerous named Defendants exposed him to unconstitutional conditions of confinement including an RDU program that is the equivalent of solitary confinement, deprived him of property, retaliated against him, and used excessive force against him. (Doc. No. 5). In an Order dated October 10, 2016, this Court granted Defendants' motion to dismiss Plaintiff's action because he failed to exhaust his administrative remedies before filing his complaint. (Doc. No. 10).

On October 24, 2016, Plaintiff filed the pending "Motion for Reconsideration," which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the

Federal Rules of Civil Procedure. (Doc. No. 12). He argues that he never told the Court that he failed to exhaust administrative remedies, that he did not intend to submit a three-step grievance after he filed the complaint, and that all claims have been exhausted except the one regarding solitary confinement for which a grievance process was unavailable.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

It is clear from the face of the record that the Plaintiff filed his complaint on September 12, 2016. He filed a grievance raising various conditions of confinement and staff misconduct for which the three-step grievance review process was completed on September 19, 2016, several days after the complaint was filed in this Court. (Doc. No. 9 at 4). The Plaintiff's argument that a grievance procedure was "unavailable" on his claim of improper solitary confinement, due to a policy prohibiting grievances of disciplinary actions, is unavailing. The record reveals that the

Plaintiff did not file his grievance raising the solitary confinement issue until September 19, 2016, and the response rejecting the grievance is dated September 22, 2016, both of which occurred after he filed the complaint in the instant. (Doc. No. 9 at 28). Thus the Plaintiff failed to comply with the Prison Litigation Reform Act's requirement to exhaust administrative remedies *prior* to commencing civil suit.

The Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, his motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 12), is **DENIED**.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge